ASPINWALL, administrator, *v.* LATIMER *et al.*

No. 8621. APRIL 14, 1932.

*J. P. Brooke* and *F. T. Wills,* for plaintiff.

*McElreath & Scott, Mozley & Gann, Dillon, Calhoun & Dillon, and Ralph Quillian,* for defendants.

BECK, P. J.  C. A. Aspinwall, as administrator cum testamento

annexo of John H. Ponder, brought his suit against Latimer et al., to recover a described tract of land in Cobb County. The petition shows that the testator, Ponder, died in the year 1903, in possession of the land sued for, and that he had been in possession of it since September 15, 1879, on which date Augustus W. Clay executed and delivered a deed conveying the same land to John H. Ponder. A copy of the deed is attached to plaintiff's petition. In naming the parties to this deed they are described as follows: "A. W. Clay, of the State and County aforesaid, of the first part, and John H. Ponder, the head of a family consisting of Mary A. Ponder, wife of said John H. Ponder, and seven minor children, to wit, Augustus Ponder, Thos. M. Ponder, Harris Ponder, Albert Ponder, Emma Ponder, Julia Ponder, and Adeline Ponder, of the second part." This deed also recites as a consideration the sum of $1700 cash in hand paid by John H. Ponder; and the habendum clause reads as follows: "To have and to hold the said bargained premises unto the said John H. Ponder, head of the family aforesaid, for the purposes and on the uses for said Mary A. Ponder, wife as aforesaid, and the said seven minor children [renaming them] for and during their minority and the natural life of Mary A. Ponder, wife as aforesaid, together with all and singular the rights, properties, and appurtenances thereof to the same belonging or in anywise appertaining, to the only proper use, benefit, and behoof as aforesaid, with right of reversion to the said John H. Ponder after the purposes and uses as aforesaid shall have expired or ceased, his heirs and assigns, in fee simple, in [and] the said Augustus W. Clay, for himself and his heirs, executors, or administrators, of said bargained premises unto the said John H. Ponder, head of a family aforesaid, for the purposes and on the uses as aforesaid, will and shall warrant and defend the right and title thereof against this and against the claim of all other persons whomsoever." To the petition is attached also a copy of the will of John H. Ponder, dated April 13, 1894. Item 1 of the will is as follows: "I will, devise, and bequeath to my beloved wife, Mary A. Ponder, for and during her natural life, all my property both real and personal, including land, monies, notes, mortgages, accounts, and other chose in action that I may have at my decease; and at the death of the said Mary A. Ponder it is my will and devise that said property shall be sold and the proceeds divided equally,

share and share alike, among the following beneficiaries, to wit: one seventh to each of my sons, Lemmie H. Ponder, Thos. M. Ponder, and Albert Ponder; also, one seventh of the proceeds of said property to each of my daughters, Edna Ponder, Eliza Ponder, Mattie Ponder, and the other seventh to the children of my deceased son, John H. Ponder." The third item of the will is in the following words: "I hereby nominate and appoint my said sons Lemmie H. Ponder and Thos. M. Ponder executors of this my last will and testament." The will was duly probated. The executors named in the will failed to qualify, and Aspinwall was appointed administrator cum testamento annexo. Mary Ponder, the wife of the testator, died on September 27, 1924.

Latimer demurred and answered; and other defendants answered. The first two grounds of the demurrer were (1) that said petition fails to set out a cause of action; (2) that the petition when taken in connection with the abstract attached thereto fails to set out a cause of action that entitles the plaintiff to recover. Other grounds of demurrer were overruled. The two grounds just stated were sustained, and the action was dismissed.

The court erred in sustaining the two grounds of demurrer set forth. The petition states a cause of action good as against a general demurrer. Under the deed from Clay, Ponder, the testator, had a vested remainder in the land for which the suit is brought. The deed from Clay to Ponder begins as follows: "This indenture made this the 15th day of December, in the year A. D. 1879, between A. W. Clay, of the State and County aforesaid, of the first part, and John H. Ponder, the head of a family consisting of Mary A. Ponder, wife of said John H. Ponder, and seven minor children, to wit," naming them. The expression "head of a family consisting of," etc., is mere descriptio personæ. The first part of the habendum clause is as follows: "To have and to hold the said bargained premises unto the said John H. Ponder, head of the family aforesaid, for the purposes and on the uses for said Mary A. Ponder, wife as aforesaid, and the said seven minor children." No particular or specific uses are described in the deed; but giving a construction of these words most favorable to those for whose use the land was conveyed for the term stated, nothing more than a trust estate for the use of the persons named for the term specified was created.

In the brief and argument of counsel for the defendants it is contended that the estate vested in John H. Ponder under this deed was analogous to the estate held by the head of a family in property set apart as a homestead under the constitution of 1877; and that the terms of the deed strongly indicate that the purchase of the lands conveyed by the deed was the reinvestment of the proceeds of other homestead land. It is conceded that it does not appear from the record that the deed was made in pursuance of such a reinvestment, but it is insisted that the deed is in the exact form proper to such a reinvestment; and this fact is cited merely to indicate the nature of the estate intended to be conveyed to Ponder by the deed, in aid of a construction of the same. It is further contended that if the estate held by Ponder under this deed was a homestead, or if the specific land was set apart as a homestead and the estate conveyed was the same estate Ponder would have had in the land as the head of a family under a homestead, he could not alienate it or encumber it, except jointly with his wife with the sanction of the judge of the superior court of the county of his residence, and any attempted conveyance by Ponder would not convey the reversionary interest, but would be invalid. And the contention is not without some support. But after all, it involves a considerable element of conjecture, which we can not indulge in favor of the construction insisted upon in the brief. After the expiration of the term for which the use or the trust estate created by the deed had terminated, the title to the land in question would have been in John H. Ponder if he had survived, or, as it was a vested-remainder interest, it survived to his estate and was subject to sale by the administrator for the purposes indicated; and the court should have overruled the general demurrer.

*Judgment reversed. All the Justices concur.*